Samuel A. Spiegel, J.
Petitioner, an indigent person, is the plaintiff in a divorce action pending in this court. In that action petitioner moved for leave to proceed as a poor person and for an order permitting service by publication. Said relief has been granted in a companion motion.
This is an application for an order pursuant to article 78 of the CPLR directing that the respondent pay, on behalf of the petitioner, any costs incurred by virtue of the order directing publication in petitioner’s action for a divorce.
There is no present statute authorizing the payment out of public funds for the cost of service by publication in a civil action. For this reason, respondent alleges it cannot make the payments requested.
*465 There is no question that without the use of publication pursuant to CPLR 308 (subd. 4) petitioner would be denied access to the court in her quest for a divorce. Pursuant to the law of this State, publication is the only way in which she can come into court and acquire jurisdiction over the defendant whose whereabouts are unknown. However, she cannot afford to pay the cost of publication as required by law.
Due process mandates that all persons forced to seek relief through the judicial process be given an opportunity to be heard. The Constitution requires 11 an opportunity * * * granted at a meaningful time and in a meaningful manner ’ ’ (Armstrong v. Manso, 380 U. S. 545, 552) “ for hearing appropriate to the nature of the case ” (Mullane v. Central Hanover Trust Co., 339 U. S. 306, 313). “ Within the limits of practicability,” (Mullane v. Central Hanover Trust Co., supra) a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause (Boddie v. Connecticut, 401 U. S. 371).
Marriage is clearly marked with the public interest. In this State, a marriage cannot be dissolved except by ‘ ‘ due judicial proceedings ” (N. Y. Const, art. I, § 9). By statute, the State has built a money obstacle to such dissolution by requiring in circumstances such as these, the service of a summons by newspaper publication, necessitating the expenditure of funds not necessarily available to all (CPLR 308, subd. 4; 315, 316, 317; Domestic Relations Law, § 221). This obstacle is an effective barrier to poor persons ’ access to the courts for this relief.
The denial of access to the courts in an action for divorce is a right of substantial magnitude when only through the judicial process may redress or relief be obtained. Such a right is as basic as the right of the accused to counsel, as a convicted criminal’s right to free minutes and to appeal, and to a citizen’s right to vote. It is manifestly discriminatory to deprive petitioner of that right while affording it to others who can pay for it.
The failure to provide means of admission to petitioner to the court, because of her financial inability to comply with statutory requirements denies her an opportunity to be heard upon her claimed right to a dissolution of her marriage. In the absence of any sufficient countervailing justification for the State’s action, the failure of the community to extend the opportunity to be heard to the indigent, is a denial of due process (Boddie v. Connecticut, supra).
The State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, grant the right to dissolve this legal relationship to a more fortu *466 nate group and deny it to the less fortunate (Boddie v. Connecticut, supra).
The court must carefully scrutinize more than just the mere wording, print and face of legislation. It must be ever vigilant and sensitive to the practical effect, ramifications and impact thereof. Unintentional and accidental inequality, if it affects substantial rights of the poor, violates equal protection to the same extent as does intentional, hostile, aggressive and invidious discrimination (Griffin v. Illinois, 351 U. S. 12 ; Jeffreys v. Jeffreys, 58 Misc 2d 1045).
Equal access to the civil courts was among the Fourteenth Amendment’s primary objectives: 111 they should have like access to the courts of the country for the protection of their persons cmd property, the prevention and redress of wrongs, and the enforcement of contracts ’ ” (Truax v. Corrigan, 257 U. S. 312, 334).
Denying petitioner the right to proceed in her civil action because she is indigent and cannot afford the price of entry into the courthouse would clearly be discriminatory under the Equal Protection and Due Process Clauses of the Fourteenth Amendment (Griffin v. Illinois, 351 U. S. 12, supra ; Boddie v. Connecticut, 401 U. S. 371, supra).
If the true administration of justice is to remain the firmest pillar of our Government, then every individual, notwithstanding his lack of financial means, must be afforded an opportunity to be heard in our courts. The mere declaration, by authority of the rights of the individual, is insufficient. The sovereignty and the community must insure that these rights have true meaning by providing the wherewithal to implement them.
Petitioner’s poverty justifies a direction that the City of New York must pay for the cost of publication so that she can avail herself of her constitutional right of access to the court (Boddie v. Connecticut, supra).
The application is granted.