Harold J. Hughes, J.
This is a motion by plaintiff for an order to take the depositions of the defendants with a direction that the County of Sullivan pay for the expenses of taking and transcribing said depositions, or, in the alternative, for an order directing that said depositions may be taken by tape recorder and transcribed in the office of the attorney for the plaintiff.
Plaintiff by previous application to this court has been granted permission to proceed as a poor person. She desires to take the depositions of the defendants but, by reason of her indigency, is unable to pay for the costs of taking and transcribing the testimony of the defendants.
Plaintiff’s attorney, the Sullivan County Legal Services Corporation, is a Federally funded free legal services corporation. The affirmation of plaintiff’s attorney states that there are no funds available for the plaintiff to pay for the cost of taking and transcribing the depositions.
Plaintiff’s first contention is that she is entitled to an order pursuant to CPLR 1102 (subd. [b]) to have the stenographic transcript of the defendants’ testimony paid for by the county. Plaintiff relies in part on the following language of that subdivision : “ A poor person may be furnished with a stenographic transcript without fee by order of the court in proceedings other than appeal, the fee therefor to be paid by the county * * * in the same manner as is paid for transcripts on appeal.”
The issue to be determined by this court is whether the taking of a deposition before trial is a “ proceeding ” within the meaning of the section. The court is constrained to hold that it is not. Accordingly, the court has no statutory authority to direct the county to pay the expense of taking and transcribing defendants’ depositions.
Plaintiff also relies on CPLR 1102 (subd. [d]) which states thatA poor person shall not be liable for the payment of any costs or fees unless a recovery * * * is had in his favor ”.
While article 83 of the CPLR lists the expense of conducting an examination before trial as a “ disbursement ’ ’ and not as a cost or fee (see CPLR arts. 81 and 82), an argument could be made that the stenographer’s charge is a “fee” within the meaning of CPLR 1102 (subd. [b]) (cf. 8 Weinstein-Korn-Miller, *530 N. Y. Civ. Prac., par. 8301.27). This subdivision alone, however, does not give the court the affirmative authority which it would require to charge the county with the expense in question. This is especially so in view of the history of CPLR 1102, which indicates that the Legislature never intended the county to be liable for the stenographer’s fee for recording and transcribing an examination before trial.
Section 1493 of the Civil Practice Act allowed a poor person to prosecute an action or special proceeding without paying fees to any officer, including a stenographer and further provided that stenographic minutes in any such action or special proceeding be furnished a poor person upon order of the court Or Justice before whom same is tried. This statute did not envision the furnishing to a poor person of the minutes of an examination before trial; rather it contemplated the furnishing of the minutes of a trial. It is interesting to note that a court stenographer is an officer of the court at a trial but not at an examination before trial where he serves as an employee of a party (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8002.02).
The enactment of the successor provision into CPLR 1102 was not intended to enlarge the statutory rights of poor persons found in the Civil Practice Act (see Brown v. Brown, 34 A D 2d 727; Second Preliminary Report of Advisory Committee on Practice and Procedure, 1958, p. 387).
CPLR 1102 (subd. [b]) was amended in 1966 (L. 1966, ch. 455, § 1), but once again there was no intent to enlarge the rights of poor persons except to grant them the automatic right to a stenographic transcript upon being permitted the right to appeal as a poor person. The amendment was proposed by the Judicial Conference. The Report of the Judicial Conference to the 1966 Legislature in relation to the CPLR (Feb. 1, 1966; Twelfth Annual Report of N. Y. Judicial Conference, 1967, p. 354) describes the amendment as one of a mechanical and technical nature. It was introduced merely to eliminate the need to make two applications, one for leave to appeal as a poor person, the second for a free transcript (see Memorandum of the Judicial Conference, N. Y. Legis. Ann., 1966, pp. 2-, 3). Finally, this court could find no affirmative support in the CPLR or elsewhere for the proposition that examinations before trial are “ proceedings ’ ’ within the meaning of CPLR 1102 (subd. [b]). Since the history of the statute indicates the contrary, this court holds that plaintiff has no statutory right under CPLR 1102 to have the county pay for a stenographic transcript of depositions taken before trial.
*531 Nor does the court find that the failure of the State to provide a free stenographic transcript of said depositions violates either the equal protection clause or the due process clause of the Fourteenth Amendment. Most of the cases cited by plaintiff are in the criminal law area. This court would be extremely hesitant to extend and apply the principles in those cases to civil litigation.
The civil cases cited in support of plaintiff’s equal protection argument are distinguishable. Both Jeffreys v. Jeffreys (58 Misc 2d 1045) and Dorsey v. City of New York (66 Misc 2d 464) involve the payment of publication fees so that a poor litigant might have access to the courts; the present plaintiff is not being denied such access.
The main case cited in favor of plaintiff’s due process argument," Boddie v. Connecticut (401 U. S. 371), is distinguishable for the same reason. Since the failure of the State to provide a poor litigant with a free transcript of a deposition taken before trial in no way denies him access to the courts, the Boddie decision is not directly applicable.
Hotel Martha Washington Mgt. Co. v. Swinick (66 Misc 2d 833, 834) extends Boddie and provides that a city or county should pay witness fees so that an indigent party would have “ effective and equal access to the courts.” While the rationale of that decision appears sound, the denial to an indigent litigant of the stenographic minutes of an examination before trial does not necessarily result in a denial of effective and equal access to the courts.
Admittedly, an examination before trial might sometimes provide more effective litigation. In these circumstances, it would seem to this court that the lawyer assigned to a poor person pursuant to CPLR 1102 (subd. [a]), or a lawyer from a legal aid office would be obliged to conduct such examination by the least expensive means possible (see, generally, Code of Professional Responsibility, canons 2,6 and 7). A lawyer, for example, need not hire a court stenographer but could have the testimony taken down and transcribed by his own secretary or the testimony could even be recorded in longhand by the plaintiff’s attorney or with leave of court, the testimony could be mechanically recorded (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3113.07; 8 Weinstein-Korn-Miller, op. cit., par. 8301.21).
If an indigent party’s attorney could establish that none of these means would be feasible under the facts of a particular case, then a court would be warranted in applying the rationale of Hotel Martha Washington Mgt. Co. v. Swinick (66 Misc 2d *532 833, supra) to guarantee an indigent party effective as well as equal access to the courts. The fact that an indigent party or his attorney might have a more difficult burden in conducting an examination before trial by the means suggested does not amount to ineffective access to the courts.
The plaintiff’s request for the alternative relief of permitting her to take the deposition of the defendants by a tape recorder is granted on the conditions herein specified. While CPLR 3113 (subd. [b]) is silent on the subject, the courts in the First and Second Departments have allowed the parties to take testimony on a tape recorder over the objection of the party being examined (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3113.07). In Catapano v. Shapiro (6 A D 2d 1054), the court pointed out that inasmuch as the transcript of an examination before trial must be read by or to the person examined and subscribed by him (now required under CPLR 3116), the use of a tape recorder for making the initial record, from which a typed or written transcript must be made, could prove suitable. While the rule in the Third Department was contra (Bradshaw v. Best, 7 A D 2d 136), that case was decided before the CPLR was enacted; CPLR 3113 (subd. [b]) provides that the officer before whom the deposition is taken shall record the testimony. It has been pointed out that the issue of whether recording devices would be allowable was purposely not dealt with in the statute on the theory that the matter should be left to case law development (3 Weinstein-Korn-Miller, supra, par. 3113.07).
This indigent plaintiff has established that she cannot afford the usual means for transcribing the testimony of the defendants at the examination before trial. This court has denied her the right to have the county pay for the transcription. Under the circumstances, plaintiff should be allowed to use a tape recorder at the examination under the following conditions:
(a) that the testimony be transcribed and submitted to the witness within 30 days after it is recorded;
(b) that the recording not be admissible on trial;
(c) that the witness be permitted to bring and use a second recording device at the examination.
Plaintiff’s motion, insofar as it seeks an order directing that defendant’s depositions be taken by tape recorder and transcribed in the office of the attorneys for plaintiff is granted on the terms and conditions specified herein; and in all other respects the motion is denied, without costs.