*925 OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant, an inmate of Greenhaven Correctional Facility in Stormville, New York, moves for permission to proceed as a poor person, pursuant to CPLR 1101, in connection with a claim for damages arising out of an alleged assault by employees of the Department of Correctional Services on February 24, 1979. Claimant specifically requests that the State of New York be held responsible for the cost of stenographic transcripts generated by examinations before trial, subpoena fees and "such other expenses as may be reasonably required to permit the claimant to proceed to trial in this action”. The motion further prays that claimant’s counsel upon this motion, who was previously retained pursuant to a contingent fee agreement, be appointed by the court to represent claimant in the action.
CPLR 1101 (subd [a]) provides in relevant part that "[u]pon motion of any person, the court in which an action is triable * * * may grant permission to proceed as a poor person.” While the Court of Claims Act contains no specific authorization for the prosecution of actions under poor person status, the CPLR is applicable to procedure in the Court of Claims except where specifically superseded by the language or fundamental policy of the Court of Claims Act. (Court of Claims Act, § 8; Spencer v State of New York, 187 NY 484; Ehde v State of New York, 260 App Div 511.) Although there are no fees or costs in the Court of Claims, except in appropriation cases, individuals accorded poor person status may be entitled to other benefits, notably the furnishing of a stenographic transcript of the trial. (Court of Claims Act, § 27; CPLR 1102, subd [b].) We also note that the existence of a contingent fee arrangement does not preclude granting the relief sought where the terms of the retainer agreement are disclosed, as they are here. (Adkins v DuPont Co., 335 US 331; Quittner v Motion Picture Producers & Distrs. of Amer., 70 F2d 331; Orman v State of New York, 59 Misc 2d. 709.) Accordingly, we hold that the Court of Claims may entertain applications to proceed as a poor person in actions triable before it.
Claimant’s affidavit indicates that he is presently incarcerated in Greenhaven Correctional Facility, that he has no assets, real property, income or employment. It further alleges that claimant is unable to pay the costs, fees and expenses *926 necessary to prosecute the action, and sets forth the facts giving rise to the claim. These facts appear to state a meritorious cause of action against the State of New York. Accordingly, claimant’s motion to proceed as a poor person is granted.
At the present time, however, the adjudication of claimant’s entitlement to proceed as a poor, person does not constitute the grant of any concrete rights or benefits. It is solely a declaration of status. Claimant must make application to the court for the payment of particular items of expense as the need arises so that the court can determine whether they are reasonable and necessary. Otherwise, the mere conferral of poor person status would constitute a blank check upon public funds.
The present motion specifically requests that the State pay for stenographic transcripts of examinations before trial and subpoena fees. No provision of the CPLR or of the Court of Claims Act authorizes the imposition of such charges upon the State. (Mapp v State of New York, 69 AD2d 911.) This branch of the motion must therefore be denied. The court notes that there is authority holding that, to the extent that such expenses can be charged to a governmental subdivision, the responsible entity would be the county. (CPLR 1102, subd [d]; Hotel Martha Washington Mgt. Co. v Swinick, 66 Misc 2d 833; cf. Lester v Lester, 69 Misc 2d 528.) The County Attorney of Dutchess County was given notice of the present motion, but the relief requested was that the State assume these costs. Consequently, at this juncture, the court does not consider the merits of imposing such costs upon the county since that issue was not litigated.
Claimant further seeks to have the court assign counsel to represent him. Appointment of counsel in such a case is neither a constitutional nor a statutory right, but is rather a matter within the court’s discretion. (CPLR 1102, subd [a]; Matter of Smiley, 36 NY2d 433.) There is no apparent necessity for the appointment of counsel in this case, since claimant has retained counsel pursuant to a contingency fee agreement in conformity with the fee schedule of the Appellate Division. The papers do not demonstrate that there is anything to be gained from this court’s intruding upon the contractual relationship between claimant and his attorney.
Accordingly, claimant’s motion to prosecute this action as a poor person is granted. The motion is denied in all other *927 respects. However, claimant is granted leave to move for payment of such costs, fees and expenses as may be charged against the county, upon proper papers, at which time this issue may be litigated.