■ Douglas Sargent, Respondent, v City of New York et al., Defendants, and Jerome Martinez, Appellant.—In an action to recover damages for personal injuries sustained as

the result of an alleged assault, the defendant Jerome Martinez appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated January 29, 1986, which granted the plaintiff's motion for leave to reargue the appellant's motion which had sought, *inter alia,* to dismiss the action as against him, and upon reargument, denied the appellant's motion and vacated a prior order of the same court, dated May 2, 1982, which dismissed the action as against the appellant.

Ordered that the order is affirmed, with costs.

The affidavits submitted at Special Term raise a question of fact as to whether the appellant, who allegedly assaulted the plaintiff, was at that time acting outside the scope of his employment as a New York City police officer. Accordingly, whether the appellant is united in interest with his employer, the defendant City of New York (which was timely served with process), for Statute of Limitations purposes (CPLR 203 [b]) cannot be determined at this juncture *(cf., Matter of Parker v Port Auth.,* 113 AD2d 763; *see also, Connell v Hayden,* 83 AD2d 30, 48). Therefore, vacatur of the order which had dismissed the complaint against the appellant was warranted.

The appellant's further contention that leave to reargue was improperly granted is without merit *(see, Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410). Niehoff, J. P., Lawrence, Rubin and Sullivan, JJ., concur.