OPINION OF THE COURT
Margaret Cammer, J.
Respondent moves to be allowed to proceed as a poor person for the purposes of this holdover proceeding. Having satisfied the necessary criteria, the motion is granted (CPLR 1101).
Respondent also asks the court to order that an official interpreter be provided to translate petitioner’s wife’s testimony at an examination before trial. (Leave for such a deposition was granted by an order of this court dated Jan. 9, 1987.) Petitioner’s wife is from Yugoslavia and does not speak English.
Discovery is an often essential part of litigation. Respondent *493 has already shown its necessity in this proceeding. (See, Beretin v Kuhlman, NYLJ, Feb. 11, 1987, at 13, col 6.) While full discovery has been ordered, it cannot take place without an interpreter. Generally, if a witness at a deposition does not understand English, a translation of all questions and answers must be provided by the examining party at the party’s own expense (CPLR 3114). Here, however, respondent’s indigency requires an examination as to the applicability of this rule to one granted the status of a poor person.
In a case involving a poor person’s inability to pay a witness fee, it was held that "failure to provide for payment of such fees by the city or county would deny an indigent party effective and equal access to the courts” (Hotel Martha Washington Mgt. Co. v Swinick, 66 Misc 2d 833, 834, citing Boddie v Connecticut, 401 US 371, and Jeffreys v Jeffreys, 58 Misc 2d 1045). Similarly, since discovery has been determined to be necessary in this proceeding to protect the significant rights at stake, to allow respondent to engage in such discovery but to deny her the necessary tools to do so, offers the illusion of equality but not its effective reality.
In Lester v Lester (69 Misc 2d 528) the court held that there was no statutory authority for an order allowing a poor person to be provided with a stenographic transcript of a deposition without fee. As an alternate, it permitted the plaintiff to record the deposition by tape recorder so as to provide her with more effective litigation at the least possible expense. The court noted, however, that: "[i]f an indigent party’s attorney could establish that [no other] means would be feasible under the facts of a particular case, then a court would be warranted in applying the rationale of Hotel Martha Washington Mgt. Co. v. Swinick * * * [supra] to guarantee an indigent party effective as well as equal access to the courts.” (Lester v Lester, supra, at 531-532.)
Here, although the parties have agreed to record the deposition, there is no similar mechanical device to solve respondent’s translation difficulties. Further, since respondent cannot afford to pay for a translator and petitioner has no obligation to do so, the only solution is for the court to provide an official interpreter. To minimize the expense of such an interpreter, the depositions shall be held at this courthouse. By this method the small cost to the State is far overweighed by the significant equal protection and due process considerations involved.
*494 Petitioner and his wife are hereby ordered to appear on Wednesday, April 15, 1987, at Special Term, Part II of this court, 141 Livingston Street, Brooklyn, New York, room 501, at 11:00 a.m. for an examination before trial. The court shall provide a Slavic interpreter. The deposition shall be recorded by respondent, who shall provide petitioner with a transcript of those depositions within 15 days after it is recorded. The recording shall not be admissible at trial. Petitioner’s attorney is, of course, permitted to bring and use a second recording device at the examination.
These proceedings are stayed pending the completion of discovery.