■ CONCEPCION VAZQUEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and ALEXANDER MALAVEY, Respondent. [629 NYS2d 475] —In an action, *inter alia,* to recover damages for false arrest, false imprisonment, and negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated May 9, 1994, as, upon renewal, granted the branches of the cross motion of the defendant Alexander Malavey which were for summary judgment dismissing the false arrest and false imprisonment causes of action insofar as they are asserted against him on the ground that they are barred by the applicable Statute of Limitations *(see,* CPLR 215 [3]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branches of the cross motion of the defendant Alexander Malavey which were for summary judgment dismissing the false arrest and false imprisonment causes of action insofar as they are asserted against him are denied.

The plaintiff contends that on February 1, 1991, he was arrested by officers of the New York City Police Department based upon information provided by Alexander Malavey, an officer of the New York City Correction Department. The charges against the plaintiff were subsequently dismissed. The plaintiff commenced this action against the City of New York, the New York City Correction Department, and the New York City Police Department in October 1991. However, the defendant Alexander Malavey was not served with process until June 17, 1992.

The false imprisonment and false arrest causes of action may be deemed timely interposed against Malavey if he is united in interest with his employer, the New York City Correction Department *(see,* CPLR 203 [b]; *Connell v Hayden,* 83 AD2d 30, 46). However, the Supreme Court found that Malavey was not united in interest with his employer because the New York City Corporation Counsel (hereinafter the Corporation Counsel) refused to defend him pursuant to General Municipal Law § 50-k (2). By a letter dated August 24, 1992, the Corporation Counsel informed Malavey, "[W]e are unable to represent you in this matter."

General Municipal Law § 50-k (2) provides, in pertinent part: "[T]he city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal

court * * * arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."

In refusing to represent Malavey, the Corporation Counsel did not enunciate the reason therefor, and it is not clear from the record whether the Corporation Counsel, in fact, found that Malavey was not acting within the scope of his employment. In any event, a determination by the Corporation Counsel that Malavey was not acting within the scope of his employment when the alleged act occurred is not binding on the plaintiff in this action. Thus, it cannot be determined as a matter of law whether Malavey is united in interest with his employer *(see, Sargent v City of New York,* 128 AD2d 693; *cf., Matter of Parker v Port Auth.,* 113 AD2d 763). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.