■ Faried Assad, Appellant, v City of New York et al., Defendants, and Frank Sarayli, Respondent. [656 NYS2d 669] —In an action, *inter alia,* to recover damages for assault and false arrest, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated May 14, 1996, which granted the motion of the respondent Frank Sarayli to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

When a party moves to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the Statute of Limitations, that party bears the initial burden of establishing the affirmative defense by prima facie proof that the time in which to sue has expired *(see, Siegel v Wank,* 183 AD2d 158; *Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 823; *Doyon v Bascom,* 38 AD2d 645). In the instant case,

the respondent met his burden by demonstrating that the claim was not interposed against him within the applicable one-year period of limitations (see, CPLR 215 [3]). Thereafter, the burden was upon the plaintiff " 'to aver evidentiary facts' " establishing that the case falls within an exception to the Statute of Limitations (Siegel v Wank, supra, at 159; Hoosac Val. Farmers Exch. v AG Assets, supra, at 824).

Contrary to the conclusion of the Supreme Court, the plaintiff adduced sufficient evidentiary facts which give rise to issues of fact as to whether the respondent was acting within the scope of his employment as a New York City Police Officer when he allegedly participated in the assault upon, and the false arrest of, the plaintiff. As such, "whether the [respondent] is united in interest with his employer, the defendant City of New York (which was timely served with process), for Statute of Limitations purposes (see, CPLR 203 [b]), cannot be determined at this juncture" (Sargent v City of New York, 128 AD2d 693, 694; see also, Vazquez v City of New York, 217 AD2d 614). Indeed, the respondent, while off-duty with several fellow officers at a Brooklyn bar, allegedly confronted the plaintiff in the course of investigating the reason behind a sounding car horn, and he and his fellow officers, although clearly off-duty, interrupted their celebration to subdue and arrest the plaintiff based upon their conclusion that he struck the respondent. On this record it cannot be concluded that, as a matter of law, the respondent and the other defendants were not acting within the scope of their employment. Therefore, the motion to dismiss should have been denied.

The respondent's remaining contentions are without merit. Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.