■ CHRISTOPHER GRABOWSKI, Appellant, v ALBERT M. KRAUS, Respondent. [662 NYS2d 964] —Order unanimously affirmed without costs. Memorandum: We reject the contention of plaintiff that his entire medical malpractice cause of action accrued in 1973 on the date of defendant's initial allegedly negligent act or omission. Plaintiff alleges negligent care or treatment by defendant between June 1, 1973 and May 18, 1983 in failing to diagnose and treat plaintiff's glaucoma. Under CPLR 208, the Statute of Limitations for an infant in a medical malpractice case is extended for 10 years from the time that the cause of action accrues. Once defendant established prima facie that plaintiff's claims that accrued prior to December 2, 1982 are barred by CPLR 208, the burden shifted to plaintiff to " ' "aver evidentiary facts" ' establishing that the case falls within an exception to the Statute of Limitations" (Assad v City of New York, 238 AD2d 456, 457). With respect to the claims that accrued prior to July 1, 1975, plaintiff established that CPLR former 208 and former 214 apply, i.e., the Statute of Limitations was tolled until plaintiff reached majority, after which the medical malpractice action had to be commenced within three years (see, CPLR former 208, former 214 [prior to 1975 amendments]). Plaintiff reached majority on January 25, 1991 and commenced this action on December 2, 1992. Thus, Supreme Court properly denied defendant's motion for summary judgment with respect to all claims accruing prior to July 1, 1975, the effective date of the changes in the Statutes of Limitations (see, L 1975, ch 109, § 37), and properly granted the motion with respect to the claims that accrued between July 1, 1975 and December 2, 1982 (see, CPLR 208). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.