[674 NYS2d 690]

In the Matter of MICHAEL GALVANI, Appellant, v NASSAU COUNTY POLICE INDEMNIFICATION REVIEW BOARD, Respondent.

Second Department, May 26, 1998

**APPEARANCES OF COUNSEL**

*Lawrence F. Spirn,* Woodbury, for appellant.

*Kwiatkowski & Ryan,* Floral Park (*John E. Ryan* and *John M. Connelly* of counsel), for respondent.

## OPINION OF THE COURT

O'BRIEN, J.

The issue presented on appeal is whether the petitioner, Michael Galvani, who was awarded damages in a tort action against a Nassau County police officer, has standing to challenge a decision by the Nassau County Police Indemnification Review Board (hereinafter the Review Board) that the County would not indemnify the officer for the judgment entered against him in the tort action. We conclude that Galvani does not have standing, and accordingly, dismiss the petition.

In 1991, Galvani commenced an action pursuant to 42 USC § 1983 in the United States District Court for the Eastern District of New York, against Nassau County Police Officer David Mann, the Nassau County Police Department, and Nassau County in which he sought compensatory and punitive damages. In the complaint, Galvani alleged, *inter alia,* that, late in the evening of August 15, 1990, he was with a female companion, Jill Cohen, in a van parked on the side of the road near Centre Island Beach. Mann, who was in uniform and in an unmarked patrol car, allegedly forced Galvani and Cohen, under threat of arrest, to engage in sexual intercourse while he watched. The officer then took the keys to the van from Galvani and drove off with Cohen in the patrol car. Mann later returned alone in the patrol car and threw the keys to the van on the ground by Galvani.

Jill Cohen subsequently died in a manner unrelated to this incident. Her mother, Camille Cohen, as the executor of her estate, also commenced an action pursuant to 42 USC § 1983 in the same court and against the same defendants named in Galvani's complaint.

In June 1992, following a disciplinary hearing based on charges related to this incident, Mann was dismissed from the police force. The County, however, continued to provide him with a defense in the Federal lawsuits.

The Federal actions were tried jointly in 1995. Prior to commencement of trial, Galvani and Cohen stipulated to the dismissal of their claims against the County with prejudice, leaving Mann as the sole defendant. The stipulation included a provision pursuant to which Mann retained his right to seek indemnification from the County. The jury awarded Galvani

compensatory damages of $10,000 on his civil rights and false imprisonment causes of action along with punitive damages of $30,000. The jury awarded Cohen compensatory damages of $30,000 on her causes of actions including false imprisonment and assault and battery, plus punitive damages of $90,000.

Following the trial, the Review Board met pursuant to General Municipal Law § 50-*l* to consider whether the County would indemnify Mann for the judgments entered against him in the Federal lawsuits and, specifically, to consider whether the officer was acting within the scope of his employment and in the proper discharge of his duties when the incident occurred.

General Municipal Law § 50-*l* provides: "Notwithstanding the provisions of any other law, code or charter, the county of Nassau shall provide for the defense of any civil action or proceeding brought against a duly appointed police officer of the Nassau county police department and shall indemnify and save harmless such police officer from any judgment of a court of competent jurisdiction whenever such action, proceeding or judgment is for damages, including punitive or exemplary damages, arising out of a negligent act or other tort of such police officer committed while in the proper discharge of his duties and within the scope of his employment. Such proper discharge and scope shall be determined by a majority vote of a panel consisting of one member appointed by the Nassau county board of supervisors, one member appointed by the Nassau county executive, and the third member being the Nassau county police commissioner or a deputy police commmissioner". Although offered an opportunity to appear before the Review Board, Mann did not do so. In its decision dated August 17, 1995, the Review Board determined that the County would not indemnify Mann for the judgments entered against him.

Galvani thereafter commenced this proceeding pursuant to CPLR article 78 in which he contended, *inter alia,* that the Review Board acted arbitrarily by waiting until after the verdict in his Federal action was rendered to issue its determination, and that the determination was not supported by substantial evidence. He contended that the evidence in the Federal trial established that Mann was acting within the scope of his employment during the incident.

The Review Board moved to dismiss the petition on the ground, *inter alia,* that Galvani lacked standing to contest its determination. The Supreme Court dismissed the petition on the merits, and denied as academic the Review Board's motion

with respect to standing. The Supreme Court also dismissed a CPLR article 78 proceeding brought by Cohen against the Review Board (*see, Matter of Cohen v Nassau County Police Indem. Review Bd.,* — AD2d —, 1998 NY Slip Op 05049 [2d Dept, May 26, 1998][decided herewith]).

The issue of standing should have been addressed, as it presents the threshold question of whether Galvani is a proper party to review the merits of the Review Board's determination (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769). The burden rests on Galvani, as the party seeking review, to establish his standing to challenge the Review Board's decision (*see, Society of Plastics Indus. v County of Suffolk, supra*). In determining whether that burden is met, three criteria must be satisfied: "(1) the interest asserted must be arguably within the zone of interest to be protected by the statutory or constitutional provisions sought to be enforced; (2) the administrative decision for which review is sought must be shown to have a harmful effect upon the party asserting standing; and (3) there must be no clear legislative intent negating review" (*Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442-443; *see also, Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158, 164; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 8-11).

Of these three criteria, the zone of interest test is the most crucial (*see, Society of Plastics Indus. v County of Suffolk, supra*). We conclude that Galvani's interest, which lies in holding the County financially responsible because Mann is evidently judgment proof, does not fall within the zone of interest sought to be protected by the statute, and, therefore, Galvani does not have standing to maintain this proceeding.

The legislative history, although sparse, reveals that General Municipal Law § 50-*l* was enacted to ensure that any concerns about the financial repercussions of a lawsuit would not interfere with the manner in which a police officer performed his or her duties. A legislative memorandum in support of General Municipal Law § 50-*l* states that enactment of the statute is justified because "[t]he increasing proliferation of lawsuits seeking personal damages from police officers threatens to have a chilling effect on their actions in properly discharging their duties. This bill does not provide blanket immunity but would alleviate their concern that their actions, although proper, may subject them to personal liability" (Mem in Support, Bill Jacket, L 1983, ch 872, at 8). One of the sponsors of the law stated that the statute "provides important protec-

tion to police officers in Nassau County" (Letter from Sen. Dunne, July 20, 1983, Bill Jacket, L 1983, ch 872).

The conclusion that General Municipal Law § 50-*l* was enacted to protect the personal financial interests of police officers is consistent with the interpretation given to General Municipal Law § 50-k, the comparable statute for New York City employees. In *Blood v Board of Educ.* (121 AD2d 128, 132), the Court stated that General Municipal Law § 50-k was "primarily directed at saving imperfect and, therefore, fallible public employees from the potentially ruinous legal consequences following from unintentional lapses in the daily discharge of their duties".

The rule of standing acts as "a general prohibition on one litigant raising the legal rights of another" (*Society of Plastics Indus. v County of Suffolk, supra,* at 773). The duty imposed on the County by General Municipal Law § 50-*l* to hold a police officer financially harmless for acts committed within the scope of employment was owed to Mann. However, he failed to appear before the Review Board, and apparently he has not appealed the Review Board's determination. We find no indication in the legislative history that a Review Board proceeding was intended to provide a forum for an injured party to litigate the issue of the County's duty to indemnify a police officer.

Our determination that the Review Board proceeding is intended purely as a forum for the County and its employee is buttressed by the fact that the Review Board proceeding has no effect on the right of an injured party such as Galvani to bring a tort action directly against the County to recover damages based on the theory of respondeat superior. An employer may be held vicariously liable under the doctrine of respondeat superior provided the employee was acting within the scope of his employment (*see, Riviello v Waldron,* 47 NY2d 297; *Lundberg v State of New York,* 25 NY2d 467). An employer will not be held liable under this doctrine for actions which were not taken in furtherance of the employer's interests and which were undertaken by the employee for wholly personal motives (*see, Davis v City of New York,* 226 AD2d 271; *Stavitz v New York,* 98 AD2d 529). Galvani would not have been precluded from litigating the scope of employment issue in the Federal action even if the Review Board had determined, prior to the trial of the Federal action, that Mann was not acting within the scope of his employment (*see, Vazquez v City of New York,* 217 AD2d 614 [determination by Corporation Counsel that employee was not acting within the scope of his employment was

not binding on the plaintiff in his negligence action against that employee and the municipal defendants]). Here, however, Galvani agreed to the dismissal, with prejudice, of any claims against the County, which was, in effect, a tacit acknowledgement that he would not be able to succeed on the claim that Mann's actions were within the scope of his employment.

Although there was no finding of vicarious liability against the County in Galvani's Federal action, the Review Board met to reach its own determination as to whether Mann was acting within the scope of his employment, and the Review Board could have decided that Mann was entitled to indemnification based purely on its own consideration of the interests of the County and its police officers.

For the foregoing reasons, we conclude that General Municipal Law § 50-*l* was enacted in order to provide financial protection for police officers who are sued while acting within the scope of their employment, and was not intended to provide an additional forum for an injured party to litigate the scope of employment issues. Accordingly, we affirm the judgment dismissing the proceeding on the alternative ground that Galvani does not have standing to challenge the Review Board's determination.

We have considered Galvani's remaining contentions and find them to be without merit. Accordingly, the judgment should be affirmed.

ROSENBLATT, J. P., THOMPSON, FRIEDMANN and GOLDSTEIN, JJ., concur.

Ordered that the judgment is affirmed, with costs.