■ In the Matter of CAMILLE P. COHEN, Appellant, v NASSAU COUNTY POLICE INDEMNIFICATION REVIEW BOARD, Respondent. [671 NYS2d 705] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Police Indemnification Review Board, the appeal is from a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered October 11, 1996, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1992, the appellant, as the executrix of the estate of her daughter Jill Cohen, commenced an action in Federal Court pursuant to 42 USC § 1983 against, *inter alia,* David Mann, a former Nassau County police officer, based on an incident involving her daughter, Jill Cohen, who later died for reasons unrelated to the incident. Damages were sought in the Federal action for, *inter alia,* false imprisonment and assault and battery based on allegations that Mann, while on duty, forced Jill Cohen and her companion, Michael Galvani, to engage in sexual intercourse while he watched. Mann then drove off with Jill Cohen in his patrol car and sodomized her. Prior to trial, the appellant withdrew her claims against the County defendants. The jury found Mann liable and awarded the appellant compensatory damages of $30,000 and punitive damages of $90,000.

Following the Federal trial, the Nassau County Police Indemnification Review Board (hereinafter the Review Board)

met pursuant to General Municipal Law § 50-*l* and determined that the County would not indemnify Mann for the judgment entered against him in the Federal action. The appellant commenced this proceeding against the Review Board to challenge its determination. We conclude that the proceeding was properly dismissed (*see, Matter of Galvani v Nassau County Police Indem. Review Bd.,* 242 AD2d 64). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.