■ REGINA CARTER, Appellant, v COUNTY OF ERIE et al., Respondents. [680 NYS2d 768] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In a summons and complaint filed in the office of the Erie County Clerk on June 20, 1996, plaintiff seeks to recover damages for injuries she allegedly sustained while a patient at defendant Erie County Medical Center (ECMC) when she was pushed into the wall by a nurse employed by ECMC. The summons and complaint were timely served on ECMC and the County of Erie (County), and proof of service was timely filed, as required by CPLR 306-b (a) (in effect during 1996), but plaintiff failed to serve the summons and complaint on the nurse within the 120-day period. Thus, Supreme Court properly granted the cross motion of the nurse for an order deeming the action against him to have been dismissed (*see*, CPLR 306-b [a]; *Matter of Moog v Town of Elma*, 248 AD2d 953; *Matter of Barsalow v City of Troy*, 208 AD2d 1144) and properly denied plaintiff's motion for leave to enter a default judgment.

In dismissing the complaint against the nurse, the court erred in basing that dismissal on the ground that, as a matter of law, the nurse is not united in interest with ECMC and the County (*see*, CPLR 203 [c]). The complaint may be construed to allege that ECMC and the County are vicariously liable for the assault and battery allegedly committed by the nurse. Because factual issues exist whether the alleged assault and battery was committed within the scope of the nurse's employment, it was improper to dismiss the complaint on that ground (*see, Assad v City of New York*, 238 AD2d 456, 457, *lv dismissed* 91 NY2d 848; *Vazquez v City of New York*, 217 AD2d 614, 615). Thus, although the action against the nurse was properly deemed dismissed pursuant to CPLR 306-b (a), plaintiff may recommence the action against the nurse if she can establish that the nurse acted within the scope of his employment and therefore is united in interest with ECMC and the County (*see,* Alexander, 1994 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:3, 1998 Pocket Part, at 32-33).

Plaintiff also moved for an order compelling ECMC and the

County to produce statements, records and documents pertaining to the incident or disciplinary action taken against the nurse. The court erred in concluding that those materials were exempt from discovery pursuant to Education Law § 6527 (3). The exemption from discovery conferred by that statute pertains only to medical review functions (*see, Matter of Kristen K. v Children's Hosp.*, 204 AD2d 1009, 1010). Nor are those materials confidential and exempt from discovery pursuant to Public Health Law §§ 2805-*l* and 2805-m. The allegation of ECMC and the County that, upon information and belief, an incident and investigative report was forwarded to the Department of Health is insufficient to establish that the materials sought by plaintiff come within that exemption. However, because documents concerning an incident that appear in the records of disciplinary action taken against an employee are discoverable in certain circumstances (*see*, Public Officers Law § 96 [1] [k]; *Feliciano v State of New York*, 175 Misc 2d 671, 672-673), we remit the matter to Supreme Court to determine whether, under the circumstances of this case, plaintiff is entitled to an order compelling discovery of the statements, records and documents sought by her.

The court granted plaintiff's motion for poor person relief (*see*, CPLR 1101) but limited such relief to filing fees and court costs. That was error. A person granted poor person relief is entitled to those benefits conferred by CPLR 1102, including copies of transcripts of hearings and trials at government expense (*see*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1102:2 [1997]). The court properly rejected the contention of plaintiff that Erie County must bear the cost of deposition transcripts provided to her and must pay her expert witness fees and similar extraordinary expenses (*see, Wilson v State of New York*, 101 Misc 2d 924, 926; *Lester v Lester*, 69 Misc 2d 528, 529).

Thus, we modify the order by vacating the limitation upon poor person relief insofar as it denies benefits provided by CPLR 1102 and by vacating the denial of plaintiff's motion for an order compelling discovery, and we remit the matter to Supreme Court to determine whether, under the circumstances of this case, plaintiff is entitled to an order compelling discovery of the statements, records and documents involving disciplinary action taken against the nurse and of other items not previously addressed by the court, for example, the names and addresses of patients who witnessed the incident. (Appeal from Order of Supreme Court, Erie County, Kane, J.—Dismiss Pleading.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.