■ HERBERT FEINBERG, Respondent, v J. STANLEY SHAW et al., Appellants. [748 NYS2d 483] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 28, 2001, which, in an action for fraud and breach of fiduciary duty against an attorney, his present law firm and his unnamed former and present partners who allegedly assisted him in the alleged fraud, denied defendants' motion to dismiss the action as time-barred as against all defendants and to dismiss the action as against the unnamed law partner defendants for failure to provide sufficient details of the wrongs they allegedly committed, unanimously affirmed, with costs.

Defendants' conclusory motion papers did not specify the accrual dates for the various legal and equitable causes of action in the complaint, and adduced no evidence that plaintiff, who claims he was a client of the individual defendant, had knowl-

edge of facts from which the alleged fraud could reasonably have been inferred more than two years prior to the filing of the complaint (CPLR 213 [8]; 203 [g]; *see Trepuk v Frank,* 44 NY2d 723; *Assad v City of New York,* 238 AD2d 456, 456, *lv dismissed* 91 NY2d 848). Certainly, the letters of the individual defendant that plaintiff submitted in opposition to the motion are not inconsistent with plaintiff's claim of ongoing efforts by defendants to maintain plaintiff's misplaced trust with false promises that the obligations owed to plaintiff would be satisfied once certain properties were sold. On this record, it does not conclusively appear that plaintiff had reason to disbelieve these promises (*Trepuk,* 44 NY2d at 725). Nor is there merit to defendants' argument that the causes of action asserted against the "John Doe" law partners of the individual defendant are deficient for failure to particularize the wrongs they allegedly committed, as required by CPLR 3016 (b). At least for purposes of this preanswer stage of the action, plaintiff's pleadings and affidavit submitted in opposition to defendants' motion provide adequate notice of all of defendants' alleged involvement in the alleged fraudulent scheme (*see Lanzi v Brooks,* 43 NY2d 778, 780). Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.