■ In the Matter of ISLAND POINT, INC., Respondent, v BOARD OF ASSESSORS et al., Appellants. [876 NYS2d 136]—

In a proceeding pursuant to Real Property Tax Law article 7, title 1, to review real property tax assessments for the 2003-

2004, 2004-2005, 2005-2006, and 2006-2007 tax years, the Board of Assessors, the Board of Assessment Review, and the Assessment Review Commission of the County of Nassau appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 10, 2007, as granted that branch of the petitioner's cross motion which was "to restrain the respondents and their agents from making any direct contact with any owner, tenant or occupant of any real property upon which tax review proceedings are [pending under] the provisions of the Real Property Tax Law without first obtaining written authorization from the attorney of record in such proceeding."

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petitioner's cross motion which was "to restrain the respondents and their agents from making any direct contact with any owner, tenant or occupant of any real property upon which tax review proceedings are [pending under] the provisions of the Real Property Tax Law without first obtaining written authorization from the attorney of record in such proceeding" is denied.

This case is neither a class action nor an action for injunctive relief. The petitioner therefore lacked standing to seek relief beyond the scope of the action to restrain the respondents from making direct contact with nonparties involved in unrelated tax review proceedings, and the court was without authority to grant such relief (*see Matter of Hebel v West*, 25 AD3d 172, 175 [2005]; *Matter of Galvani v Nassau County Police Indem. Review Bd.*, 242 AD2d 64, 68 [1998]; *see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761 [1991]).

In light of our determination, the parties' remaining contentions are academic. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.