■ JOYCE DUNEFSKY et al., Appellants, v MONTEFIORE HOSPITAL MEDICAL CENTER et al., Respondents.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered March 23, 1989, which granted defendants' motion for summary judgment dismissing the action as time barred, unanimously modified, on the law, to reinstate the complaint to the extent that it sets forth a cause of action for medical malpractice resulting in pain and suffering, and otherwise affirmed, without costs.

Plaintiffs commenced this action after the expiration of the two-year Statute of Limitations for a wrongful death action, which by its own terms starts to run upon the death of the decedent (EPTL 5-4.1). The doctrine of equitable estoppel is not applicable, since, even if plaintiffs had shown that defendants willfully withheld decedent's medical records, it is clear that plaintiffs did not justifiably rely on defendants' failure to produce the records in delaying the filing of the complaint. *(McIvor v Di Benedetto,* 121 AD2d 519 [2d Dept 1986].)* Indeed, it is obvious that the records were not necessary to prepare the complaint, since it was eventually prepared without them. Furthermore, as the motion court noted, plaintiffs could have availed themselves of the provisions of CPLR 203 (b) (5) to extend the statutory record by 60 days by timely service upon the Clerk of Bronx County. Moreover, the court's decision not

to strike defendants' answer pursuant to CPLR 3126 for alleged failure to comply with discovery orders was clearly within its discretion.

However, the complaint, while not separately numbered, stated two causes of action, one for wrongful death and one for pain and suffering caused by medical malpractice. Since the cause of action for conscious pain and suffering is a separate and distinct cause of action, it survives dismissal of a wrongful death action as time barred. *(Morano v St. Francis Hosp.,* 100 Misc 2d 621, 625-626 [Sup Ct, Dutchess County 1979].) Because the applicable Statute of Limitations *(see,* CPLR 214-a) had not run on this cause of action at the time the action was brought, it should not have been dismissed. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.