■ OSWALD J. CARTER, as Administrator of the Estate of SHAWN E. CARTER, Deceased, Plaintiff, v COUNTY OF CLINTON, Defendant, and TOWN OF SARANAC, Defendant and Third-Party Plaintiff-Respondent. RUSSELL V. BRYANT, Third-Party Defendant-Appellant. [603 NYS2d 68] —Weiss, P. J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered September 3, 1993 in Clinton County, which, *inter alia,* denied third-party defendant's motion to dismiss the third-party complaint.

Shawn E. Carter, plaintiff's decedent, was killed on April 16, 1989 in a one-car accident when the vehicle driven by third-party defendant in which plaintiff was a passenger went out of control and struck a bridge on True Brook Road in the Town of Saranac, Clinton County. In May 1989, plaintiff and Anna Mae Carter, who were the parents and sole distributees of decedent, settled with Russell Bryant, Sr., owner of the car, and third-party defendant, the driver, for the sum of $25,000, and individually executed a general release for all claims arising out of the accident.[1]

Subsequent to the execution of the release, plaintiff was appointed administrator of decedent's estate and brought the instant action for wrongful death and decedent's conscious pain and suffering against defendants, the Town of Saranac and County of Clinton, alleging that the County was negligent in the design and maintenance of the bridge and that the Town was negligent by creating and maintaining a dangerous condition on True Brook Road at the approach to the bridge. The Town then made a claim against third-party defendant for contribution and indemnification.[2] Third-party defendant moved to dismiss the third-party complaint pursuant to CPLR

---

1. We note that the release fails to mention decedent's death or to identify the signers as his parents or sole survivors.

2. The third-party complaint fails to distinguish Russell Bryant, Sr. from Russell Bryant, Jr. and alleges that "Russell V. Bryant was the owner and operator" of the automobile in which decedent was a passenger.

3211 (a) (5) on the ground of release, alleging that under General Obligations Law § 15-108 (b) the release of third-party defendant by decedent's sole distributees barred any liability for contribution. The Town opposed and cross-moved to dismiss the affirmative defense of release.[3] The sole reason advanced by the Town was that the release had been executed by the sole distributees in their individual capacities, before the appointment of an administrator of decedent's estate, and thus the release was not valid to extinguish a cause of action that can only be brought by the legal representative of the estate. Supreme Court agreed and granted the motion to dismiss the affirmative defense of release. This appeal by third-party defendant followed.

The sole beneficiaries of a decedent's estate can extinguish a wrongful death action without intervention of the estate's legal representative *(see, Davis v New York Cent. & Hudson Riv. R. R. Co.,* 233 NY 242, 246; *Rice v Postal Tel. Cable Co.,* 174 App Div 39, 40, *affd* 219 NY 629; *Doyle v New York, Ontario & W. Ry. Co.,* 66 App Div 398, 404-405; *Matter of Finkelstein,* 1 Misc 2d 1067, 1070, *affd* 6 AD2d 1055; *Edwards v Sullivan,* 200 Misc 488, 497-498). While releases by the sole distributees do not extinguish claims that have accrued directly in favor of the estate's legal representative, such as entitlements to court costs or counsel fees *(see, Davis v New York Cent. & Hudson Riv. R. R. Co., supra,* at 246-247), no such claims have been asserted here *(see, Edwards v Sullivan, supra).* The case of *Stuber v McEntee* (142 NY 200), relied upon by Supreme Court, is readily distinguishable in that there the individual signing the release was the decedent's brother-in-law. Even though he was subsequently appointed a coadministrator, he was a legal stranger to the estate and not a distributee, let alone the sole distributee. Consequently, the release here by decedent's sole distributees defeats the claim over for contribution *(see,* General Obligations Law § 15-108 [b]).

Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, third-party defendant's motion to dismiss the third-party complaint granted, third-party plaintiff's motion to dismiss the affirmative defense denied, and third-party complaint dismissed.

---

3. On appeal the Town concedes that it has no valid claim for indemnification and limits its claim over exclusively to that for contribution.