■ RICHARD DIOGUARDI, Appellant, v GERALD GLASSEY et al., Respondents. [772 NYS2d 604]—

In an action to recover damages based on the fraudulent concealment of a will, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated November 27, 2002, as granted those branches of the motion of the defendant Bruce D. Merkur, and the joint separate motion of the defendants Gerald Glassey, Donald Glassey, and Ruth Glassey, which were pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Ths Supreme Court found that the plaintiff's action sounds in fraud, the fraud occurred in 1995, and the plaintiff discovered the fraud in February 2000. These findings are supported by the record, and are essentially unchallenged on appeal. The Supreme Court properly determined that the instant action, commenced in April 2002, was time-barred (see CPLR 203 [g]; 213 [8]).

Contrary to the plaintiff's only argument on appeal, the Supreme Court does not have the inherent power to disregard the statute of limitations whenever the complaint alleges egregious misconduct by a defendant. Rather, in general, courts have no inherent power to extend the statute of limitations in the interest of justice (see CPLR 201; Roldan v Allstate Ins. Co., 149 AD2d 20, 33 [1989]; Lennox v Rhodes, 39 AD2d 801, 802 [1972]; cf. CPLR 2004).

The plaintiff expressly disavowed reliance on the doctrine of equitable estoppel. In any event, the record is devoid of allegations or proof that the plaintiff was induced to delay his commencement of the action, after his discovery of the alleged fraud in February 2000, as a result of any affirmative misconduct on the part of the defendants (see e.g. Petito v Piffath, 85 NY2d 1, 6-7 [1994], cert denied 516 US 864 [1995]; Zoe G. v Frederick F.G., 208 AD2d 675 [1994]; cf. Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]).

We do not agree with the defendant Bruce D. Merkur that sanctions are warranted in this case. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.