■ CLARA DOE, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL, Defendant, and MICHAEL H. HALL, Appellant. [813 NYS2d 530]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Michael H. Hall appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated June 8, 2004, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata and to dismiss the first, second, third, and eighth causes of action insofar as asserted against him as time-barred, and on the ground of improper service, and granted that branch of the plaintiff's cross motion which was for leave to serve and file an amended complaint containing a claim for punitive damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly rejected the appellant's claim that this action is barred by the doctrine of res judicata based on the dismissal of the plaintiff's federal action, which involved different causes of action and to which the appellant was not a party (*see Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752 [2005]). Similarly, the first, second, third, and eighth causes of action are not time-barred as a matter of law, for, as the Supreme Court determined, the plaintiff adequately pleaded facts which, if proven, would establish the existence of an equitable estoppel (*see Putter v North Shore Univ. Hosp.*, 25 AD3d 539 [2006]; *Vigliotti v North Shore Univ. Hosp., supra*).

The defendant failed to rebut the presumption of proper service of process raised by the process server's affidavit of service with his conclusory assertion that he did not receive the summons. The Supreme Court thus properly determined that a hearing on the issue of service of process was unnecessary (*see Matter of Delafrange v Delafrange*, 24 AD3d 1044 [2005]; *see also Countrywide Home Loans v Brown*, 305 AD2d 626 [2003]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]).

Finally, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was for leave to serve and file an amended complaint containing a claim for punitive damages (*see Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356 [2005]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.