■ JULIO GARCIA, SR., et al., Respondents, v STEPHEN D. PETERSON, Appellant. [820 NYS2d 901]—

In an action, inter alia, to recover damages for wrongful death, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 2, 2005, as, in effect, upon renewal, adhered to its original determination in an order dated June 22, 2005, denying his motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred and granting the plaintiffs' cross motion to compel the settlement of the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the motion is granted, the cross motion is denied, the complaint is dismissed, and the order dated June 22, 2005 is vacated.

On September 25, 2001 the plaintiffs' decedent was a passenger in a vehicle involved in an automobile accident with a vehicle owned and operated by the defendant. On or about November 29, 2004 the plaintiffs commenced the instant action against the defendant. It is undisputed that the three-year limitations period for personal injury actions (*see* CPLR 214 [5]) and the two-year limitations period for wrongful death (*see* EPTL 5-4.1) had expired when the action was commenced. The defendant, who had the initial burden of establishing that the applicable statute of limitations has expired (*see Assad v City of New York,* 238 AD2d 456 [1997]), met his burden of establishing that the action was time-barred (*id.*).

Contrary to the plaintiffs' contention, they may not invoke the doctrine of equitable estoppel to preclude the defendant from asserting the statute of limitations as a defense (*see Zumpano v Quinn,* 6 NY3d 666 [2006]). The doctrine of equitable estoppel is an "extraordinary remedy" (*East Midtown Plaza Hous. Co. v City of New York,* 218 AD2d 628 [1995]), which provides that a defendant may be estopped from pleading the statute of limitations when the "plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli,* 44 NY2d 442, 448-449 [1978]; *see Kiernan v Long Is. R.R.,* 209 AD2d 588, 588-589 [1994]).

The plaintiffs failed to adduce sufficient evidentiary facts to establish that they were induced to delay the commencement of this action as the result on any affirmative misconduct by the defendant (*see Dioguardi v Glassey*, 5 AD3d 430 [2004]; *Zoe G. v Frederick F.G.*, 208 AD2d 675, 675-676 [1994]). There was no evidence establishing that the defendant made an actual misrepresentation or committed some other affirmative wrongdoing (*see Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 122 [1985]). Here, the communications between the defendant's insurer and the plaintiffs' counsel before the expiration of the statute of limitations were insufficient to establish grounds for estoppel (*see Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820, 823 [1985]; *Grumman Corp. v Travelers Indem. Co.*, 288 AD2d 344, 345 [2001]).

Accordingly, the Supreme Court, upon renewal, should have granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred and denied the plaintiffs' cross motion to compel the settlement of the claim. Miller, J.P., Adams, Skelos and Covello, JJ., concur.