■ FRANCINE PATERRA et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE Co., Appellant. [831 NYS2d 468]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals from stated portions of an order of the Supreme Court, Westchester County (Jamieson, J.), entered April 3, 2006, which, among other things, denied those branches of its motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5), or in the alternative, to dismiss, pursuant to CPLR 3211 (a) (7), the claims alleging breach of the covenant of good faith and to recover consequential and punitive damages.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were to dismiss, pursuant to CPLR 3211 (a) (7), the claims alleging breach of the covenant of good faith and to recover consequential and punitive damages and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this case, it is undisputed that the defendant established that the two-year limitations period set forth in the insurance policy had expired when the action was commenced (*see Assad v City of New York*, 238 AD2d 456, 456-457 [1997]). To overcome this bar, the plaintiffs invoked the doctrine of estoppel, "which provides that a defendant may be estopped from pleading the statute of limitations when the 'plaintiff was induced by fraud, misrepresentations, or deception to refrain from filing a timely action' " (*Garcia v Peterson*, 32 AD3d 992, 992 [2006], quoting *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). To rely on this doctrine and defeat those branches of the defendant's motion which were to dismiss the complaint as time-barred, the plaintiffs assumed the burden to "adequately plead[ ] facts which, if proven, would establish the existence of an equitable estoppel" (*Doe v North Shore Univ. Hosp.*, 28 AD3d 603, 604 [2006]; *Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752, 754-755 [2005]). Here, the plaintiffs satisfied their burden.

The plaintiffs' claim predicated on a breach of the implied

covenant of good faith is duplicative of the breach of contract claim. Since there is no separate tort for bad faith refusal to comply with an insurance contract, this claim should have been dismissed (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318-320 [1995]; *Johnson v Allstate Ins. Co.*, 33 AD3d 665 [2006]; *Zawahir v Berkshire Life Ins. Co.*, 22 AD3d 841, 842 [2005]). Contrary to the plaintiffs' contentions, they do not have a claim for consequential damages beyond the limits of the policy for the claimed breach of contract (*cf. Acquista v New York Life Ins. Co.*, 285 AD2d 73, 82 [2001]).

Since there is no basis for determining that the defendant's conduct constituted a tort independent of the contract, the plaintiffs' demand for punitive damages also should have been dismissed (*see New York Univ. v Continental Ins. Co., supra* at 319-320; *Teig v First Unum Ins. Co.*, 282 AD2d 669, 669-670 [2001]; *Logan v Empire Blue Cross & Blue Shield*, 275 AD2d 187, 194 [2000]). Further, the plaintiffs failed to allege sufficient facts warranting punitive damages to vindicate a public right (*see New York Univ. v Continental Ins. Co., supra* at 315; *Johnson v Allstate Ins. Co., supra*).

To the extent that the plaintiffs raise issues concerning the dismissal of the second cause of action, we note that the plaintiffs did not cross appeal from the portion of the order concerning that cause of action. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.