IVELIZA A. STUBBS, Appellant, v MOHAMMED Z. PIRZADA et al., Defendants, and MEDSTAR SURGICAL BREATHING AND EQUIPMENT, INC., Respondent. [865 NYS2d 326]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), entered August 16, 2007, which granted the motion of the defendant Medstar Surgical Breathing and Equipment, Inc., in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the respondent's motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as sought to recover damages for personal injuries and loss of consortium against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On February 4, 2003 the plaintiff's daughter was killed while driving a motor vehicle involved in an accident with another vehicle allegedly owned by the defendant Medstar Surgical and Breathing Equipment, Inc. (hereinafter Medstar), and operated by the defendant Mohammed Z. Pirzada. On February 2, 2006 the plaintiff commenced the instant action, as administrator of her daughter's estate and on behalf of herself, individually, to

recover damages for personal injuries, wrongful death, and loss of consortium. The Supreme Court granted Medstar's motion, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. We modify.

Upon its motion to dismiss, Medstar met its burden of establishing that the wrongful death claim was time-barred by the applicable two-year statute of limitations (*see* EPTL 5-4.1; *Garcia v Peterson*, 32 AD3d 992 [2006]; *Assad v City of New York*, 238 AD2d 456 [1997]). Contrary to the plaintiff's contention, she failed to set forth evidence sufficient to invoke the doctrine of equitable estoppel to preclude Medstar from asserting the statute of limitations as a defense (*see Zumpano v Quinn*, 6 NY3d 666, 673 [2006]; *B & L Wholesale Supply, Inc. v Sonitrol Sec. Sys.*, 38 AD3d 1267 [2007]; *Paterra v Nationwide Mut. Fire Ins. Co.*, 38 AD3d 511, 512 [2007]). Mere evidence of communications or settlement negotiations between Medstar's insurer and the plaintiff's representative either before or after the expiration of the limitations period is not, without more, sufficient to establish grounds for waiver or estoppel (*see Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820, 823 [1985]; *Spirig v Evans*, 26 AD3d 425, 426 [2006]; *Grumman Corp. v Travelers Indem. Co.*, 288 AD2d 344, 345 [2001]). Moreover, it cannot be said that the plaintiff " 'was induced by fraud, misrepresentation, or deception to refrain from filing a timely action' " (*Garcia v Peterson*, 32 AD3d at 992-993, quoting *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *see B & L Wholesale Supply, Inc. v Sonitrol Sec. Sys.*, 38 AD3d at 1267; *Dioguardi v Glassey*, 5 AD3d 430 [2004]; *Bennett v Metro-North Commuter R.R.*, 231 AD2d 662 [1996]; *Kiernan v Long Is. R.R.*, 209 AD2d 588, 588-589 [1994]).

Nevertheless, the Supreme Court erred in granting that branch of Medstar's motion which was, in effect, to dismiss so much of the complaint as sought to recover damages for personal injuries and loss of consortium against it. While not separately numbered into separate causes of action, the verified complaint specifically alleges that "[s]olely as a result of the defendants' negligence, the decedent was personally injured" and the "plaintiff was personally injured, lost earnings, lost the consortium of her only child and incurred expenses." The complaint also alleged that the plaintiff and the decedent "sustained a serious injury, as defined in subsection (d) of [Insurance Law § 5102], or economic loss greater than basic economic loss, as defined in" Insurance Law § 5102 (a). Although inartfully pleaded, the plaintiff's allegations, given a liberal construction (*see Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d

1033, 1034 [2007]), sufficiently pleaded personal injury claims as well as a claim for loss of consortium (*see Dunefsky v Montefiore Hosp. Med. Ctr.*, 162 AD2d 300, 301 [1990]; *Suarez v Phelps Mem. Hosp. Assn.*, 130 AD2d 571 [1987]; *McDaniel v Clarkstown Cent. School Dist. No. 1*, 110 AD2d 349, 351 [1985]; *see generally* EPTL 11-3.2 [b]). Since the action was commenced within the three-year statute of limitations for personal injury actions (*see* CPLR 214 [5]), that portion of the complaint which sought to recover damages for personal injuries and loss of consortium against Medstar was timely brought. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.