■ HANNA NOWACKI, Appellant, v DEAN E. BECKER, Respondent. [897 NYS2d 560]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered October 21, 2008 in a personal injury action. The order granted the motion of defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this personal injury ac-

tion and, several months after answering the complaint, defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action was time-barred. We agree with plaintiff that defendant's motion was untimely because it was not made "before service of the responsive pleading [was] required" (CPLR 3211 [e]; *see Bennett v Hucke*, 64 AD3d 529, 530 [2009]; *Bowes v Healy*, 40 AD3d 566 [2007]; *Hanover Ins. Co. v Finnerty*, 225 AD2d 1054, 1055 [1996]). Nevertheless, we conclude that the parties, by their submission of affidavits and documentary evidence concerning the timeliness of the action, "clearly indicat[ed] that they were 'deliberately charting a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *see Kavoukian v Kaletta*, 294 AD2d 646, 646-647 [2002]; *Kodack v Pratt*, 151 AD2d 551, 552 [1989]). "Under these circumstances, although the parties are entitled to notice that the motion will be accorded summary judgment treatment . . . , we find such notice unnecessary in this matter since our review of the record indicates that the parties 'laid bare' their proof" (*Kavoukian*, 294 AD2d at 647). We thus consider the motion to be one for summary judgment dismissing the complaint, and we affirm the order granting defendant's motion.

We conclude that defendant met his initial burden by establishing that the applicable three-year statute of limitations had run and thus that the action is time-barred (*see Garcia v Peterson*, 32 AD3d 992 [2006]), and plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although plaintiff contended that defendant should be equitably estopped from relying on the statute of limitations defense (*see generally Zumpano v Quinn*, 6 NY3d 666, 673 [2006]; *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]), plaintiff failed to raise an issue of fact whether defendant engaged in any affirmative misconduct, i.e., fraud, misrepresentation, or deception, to induce her to refrain from filing a timely action (*see Garcia*, 32 AD3d at 993; *see generally Simcuski*, 44 NY2d at 448-449). In support of her contention, plaintiff alleges that defendant's insurer agreed to extend the statute of limitations during the period of its investigation and possible settlement of the claim. Plaintiff, however, failed to show that defendant's insurer in fact investigated the claim or that there were any settlement negotiations from June 2004 until the statute of limitations had expired, more than a year and a half later (*see Murphy v Wegman's Food Mkts.*, 140 AD2d 973, 973-974 [1988], *lv denied* 72 NY2d 808 [1988]). It thus cannot be said that plaintiff reasonably relied on any misrepresentation by defendant's insurer,

or that any conduct of defendant's insurer was "intended to lull the plaintiff into inactivity and to induce plaintiff to continue negotiations until after the [s]tatute of [l]imitations had run" (*id.* at 974; *see Ashe v Niagara Frontier Transp. Auth.*, 294 AD2d 842 [2002]; *Kiernan v Long Is. R.R.*, 209 AD2d 588 [1994], *appeal dismissed and lv denied* 85 NY2d 934 [1995]). Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.