# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

338

CA 14-01305

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THOMAS J. TUDISCO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DAWNMARIE MINCER, DEFENDANT-RESPONDENT.

---

BECKERMAN AND BECKERMAN, LLP, ROCHESTER (STEVEN M. BECKERMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BARRETT GREISBERGER, LLP, WEBSTER (MARK M. GREISBERGER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered September 30, 2013. The order, insofar as appealed from, granted in part the motion of defendant for summary judgment dismissing the complaint and dismissed the third and fourth causes of action.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated in its entirety.

Memorandum: Plaintiff commenced this action seeking to enforce an alleged oral agreement concerning the purchase of residential property. Several months after defendant filed an answer, defendant moved for summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (5) and CPLR 3212 on the ground that the alleged agreement was not enforceable because of the statute of frauds (*see* General Obligations Law § 5-703 [1]). Supreme Court granted defendant's motion in part and dismissed the third and fourth causes of action. Plaintiff contends that defendant's motion should have been treated as a CPLR 3212 motion for summary judgment. We agree with that contention. The parties' course of litigation shows that they were "deliberately charting a summary judgment course" and treated the motion as a CPLR 3212 motion for summary judgment (*Nowacki v Becker*, 71 AD3d 1496, 1497 [4th Dept 2010]).

We agree with plaintiff that the court erred in granting defendant's motion in part. "The failure of [defendant] to support [her] motion with a copy of the pleadings requires denial of the motion, regardless of the merits of the motion" (*D.J. Enters. of WNY v Benderson*, 294 AD2d 825, 825; *see* CPLR 3212 [b]; *Notaro v Bison Constr. Corp.*, 32 AD3d 1218, 1219). In light of our determination, we

do not address plaintiff's remaining contentions.