## Petrasova v Walker Ridge Constr. NY LLC

2024 NY Slip Op 34564(U)

December 18, 2024

Supreme Court, Kings County

Docket Number: Index No. 530621/2023

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part  LL1 M

Index Number   530621/2023

Seqs. 002

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

| Papers Numbered | |
|---|---|
| Notice of Motion and Affidavits Annexed | 1 |
| Order to Show Cause and Affidavits Annexed | |
| Answering Affidavits | 2-3 |
| Replying Affidavits | 4 |
| Exhibits | Var. |
| Other | |

---

MARIA PETRASOVA AS ADMINISTRATOR OF THE ESTATE OF
MILAN DUDZAK,

Plaintiff,

against

WALKER RIDGE CONSTRUCTION NY LLC AND 289 3RD
AVENUE LLC,

Defendants.

---

289 3RD AVENUE LLC,

Third-Party Plaintiff,

against

SLOVIT INC. AND KAJ NY CONSTRUCTION, INC.,

Third-Party Defendants.

---

WALKER RIDGE CONSTRUCTION NY LLC,

Second Third-Party Plaintiff,

against

SLOVIT INC. AND KAJ NY CONSTRUCTION, INC.,

Second Third-Party Defendants.

---

Based on the foregoing papers, third-party defendant/second third-party defendant's

motion to dismiss the primary complaint (Seq. 002) is decided as follows:

1

## Introduction and Factual Background

The decedent's estate commenced this action to recover for damages resulting from the an accident which allegedly occurred on November 1, 2021. On November 29, 2021, the decedent's sister, Maria Petrasova, signed a general release of liability as to the defendants in exchange for $2,000. Ms. Petrasova had not, at the time she signed the agreement, been appointed as the administrator of the decedent's estate. The instant lawsuit was commenced on October 23, 2023, and Ms. Petrasova was granted temporary letters of administration on January 16, 2024. Plaintiff was permitted to serve an amended summons and complaint *nunc pro tunc* on February 7, 2024. Now, Slovit Inc. (Slovit) moves to dismiss the complaint, contending that the suit is barred by the general release executed by Ms. Petrasova.

## Analysis

Slovit's motion seeks dismissal pursuant to CPLR 3211 (a) (1) and (a) (7) (notably, Slovit does not move under section [a] [5]). To dismiss a claim pursuant to CPLR 3211 (a) (1), the movant must produce documents that resolve "all factual issues as a matter of law, and conclusively [dispose] of the plaintiff's claim" (*534 K, LLC v Flagstar Bank, FSB*, 187 AD3d 971 [2d Dept 2020]; *see also Braun Soller v Dahan*, 173 A.D.3d 803, 805 [2d Dept 2019]). Documentary evidence for the purpose of this statute includes "out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (*McDonald v O'Connor*, 189 AD3d 1208, 1210 [2d Dept 2020]).

"Under CPLR 3211 (a) (7), the applicable test is whether the pleading states a cause of action, not whether the proponent of the pleading, in fact, has a meritorious cause of action . . . The court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom,

2.

the plaintiff can succeed upon any reasonable view of the facts stated" (*Board of Educ. Of City School Dist. Of City of New Rochelle v County of Westchester*, 282 AD2d 561 [2d Dept 2001]).

Slovit argues that plaintiff duly executed a release settling all claims against Walker Ridge Construction NY LLC, 289 3rd Avenue LLC, and Slovit before commencing the instant action. The release is the documentary evidence on which Slovit relies in seeking dismissal. Slovit, and the direct defendants in support of Slovit's motion, cite cases from the Third and Fourth Departments where the sole beneficiary of an estate was permitted to "extinguish a claim without intervention of the estate's legal representatives" (*Carter v County of Clinton*, 197 AD2d 820 [3d Dept 1993]; *Banker v Strong Mem'l Hosp.*, 210 AD2d 1007 [4th 1994]). The supporting papers do not cite any cases from the First or Second departments that support this proposition.

In opposition, plaintiff contends that she did not have the legal authority to settle the action because she was not yet the administrator. Ms. Petrasova, therefore, did not have the authority to compromise the action at the time she signed the general release.

Although it is true that "a settlement agreement or release . . . may be the basis for a CPLR 3211 (a) (1) [or (a) (7)] motion to dismiss," that is only true "where the terms are clear and unambiguously and conclusively dispose of the matter" (*Burgos v New York Presb. Hosp.*, 155 AD3d 598 [2d Dept 2017]). Here, Slovit does not identify, and the court is not aware of, any caselaw indicating that a proposed administrator's compromise of a wrongful death action can be ratified after the fact if the proposed administrator is duly appointed. In the absence of a legally binding release signed by an individual with authority to compromise the estate's claims, there is no basis for dismissal. Additionally, even if the court were inclined to follow the Third and Fourth Department cases cited, the argument that Ms. Petrasova was clothed with authority

3

to compromise the action because she was the sole beneficiary is undermined by the plaintiff's bill of particulars which identifies six distributees of the estate (¶ 17).

Finally, it would countervail public policy to grant Slovit's motion. New York's Estates Powers and Trusts Law, particularly sections 5- 4.6, sets forth the procedure for judicial approval of compromises in wrongful death actions. These procedural safeguards were implemented to guard against unfair or inadequate comprises in wrongful death actions. Here, the plaintiff's sister, who is potentially not the sole beneficiary of the estate, is purported to have compromised a wrongful death action for the exceedingly small sum of $2,000. This compromise was not subject to the judicial review required by the EPTL. Judicial review is also required by the letters "of administration" routinely issued by the Surrogates' Court (including those eventually issued to Ms. Petrasova), which prohibit administrators from compromising actions without further order of the court. Absent judicial review, the intended safeguards against permitting one distributee to prejudice all others would be undermined. Finally, the legislative intent to prevent inadequate settlements in wrongful death actions would be frustrated (*see Pollicina v Miseicordia Hop. Medical Center,* 82 NY2d 332 [1993]; *see also* EPTL 5-4.6 [b]).

Therefore, Slovit's motion to dismiss is denied.

**Conclusion**

Slovit's motion to dismiss (Seq. 002) is denied.

This constitutes the decision of the court.

_____December 18, 2024_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

4