Onco360 Holdings 1, Inc. v McDermott Will & Emery, LLP (2025 NY Slip Op 02927)

Onco360 Holdings 1, Inc. v McDermott Will & Emery, LLP

2025 NY Slip Op 02927

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-03562
2021-04231
 (Index No. 607028/20)

[*1]Onco360 Holdings 1, Inc., et al., appellants,
v
McDermott Will & Emery, LLP, et al., respondents.

James Sawyer, Jericho, NY, for appellants.
Elman Freiberg PLLC, New York, NY (Howard I. Elman and Yelena Rapoport of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered May 14, 2021, and (2) a judgment of the same court entered June 1, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint and denied the plaintiffs' cross-motion, among other things, for leave to serve and file a second amended complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the amended complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Between 2013 and 2014, the defendant McDermott Will & Emery, LLP (hereinafter the LLP), a law firm, provided legal services in connection with, inter alia, the restructuring of the plaintiff Sina Drug Corp. (hereinafter Sina), of which the plaintiff Kaveh Askari was the former president and controlling shareholder. This restructuring involved the creation of the plaintiffs Onco360 Holdings 1, Inc., Onco360 Holdings 2, Inc., and Onco360 Holdings 3, Inc., as well as a postmerger entity named Oncomed Specialty, LLC (hereinafter Specialty). In October 2015, Askari and Sina commenced an action for replevin against the LLP and Specialty, alleging that Askari and Sina were entitled to possession of the LLP's files related to the restructuring transactions (hereinafter the 2015 replevin action). In an order entered May 3, 2016, the Supreme Court in the 2015 replevin action denied the motion of Askari and Sina for summary judgment on the complaint and granted the separate cross-motions of the LLP and Specialty for summary judgment dismissing [*2]the complaint insofar as asserted against each of them. In an opinion and order dated November 27, 2019, this Court reversed the order entered May 3, 2016 (see Askari v McDermott, Will & Emery, LLP, 179 AD3d 127).
In 2020, the plaintiffs commenced this action, among other things, to recover damages for legal malpractice arising out of the representation provided by the LLP and the defendants Robert H. Cohen and Kristian A. Werling, in connection with the restructuring transactions. The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. The plaintiffs opposed the motion and cross-moved, among other things, for leave to serve and file a second amended complaint. By order entered May 14, 2021, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross-motion. On June 1, 2021, a judgment was entered, upon the order, in favor of the defendants and against the plaintiffs dismissing the amended complaint. The plaintiffs appeal.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to bring that cause of action has expired, whereupon the burden shifts to the plaintiff to raise a question of fact" (Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 644; see Fraumeni v Law Firm of Jonathan D'Agostino, P.C., 215 AD3d 803, 804). "The statute of limitations for a cause of action to recover damages for legal malpractice is three years, which accrues at the time the malpractice is committed" (Tulino v Hiller, P.C., 202 AD3d 1132, 1135 [citations omitted]; see CPLR 214[6]). Here, the defendants satisfied their initial burden by demonstrating that the cause of action alleging legal malpractice accrued, at the latest, in 2014, and that the instant action was commenced in 2020, more than three years later (see Roubeni v Dechert, LLP, 159 AD3d 934, 935).
In opposition, the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable or whether the plaintiffs actually commenced the action within the applicable limitations period (see Williams v New York City Health & Hosps. Corp., 84 AD3d 1358). Contrary to the plaintiffs' contention, the defendants are not judicially estopped from asserting a statute of limitations defense, as the defendants did not receive a favorable result in the 2015 replevin action by taking a position contrary to one they are taking in this action (see Huizhi Liu v Guoging Guan, 225 AD3d 749, 751-752; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864). Further, contrary to the plaintiffs' contention, the statute of limitations was not equitably tolled. The record is devoid of allegations or evidence that the plaintiffs were induced to delay the commencement of this action or prevented from exercising any legal remedy as a result of any affirmative misconduct on the part of the defendants (see Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d 325, 325-326; Dioguardi v Glassey, 5 AD3d 430).
CPLR 3211(d) provides that where it appears "that facts essential to justify opposition [to a motion pursuant to CPLR 3211] may exist but cannot then be stated, the court may deny the motion . . . or may order a continuance to permit . . . disclosure to be had and may make such other order as may be just." "However, the mere hope that discovery may reveal facts essential to justify opposition does not warrant denial of the motion" (Karpovich v City of New York, 162 AD3d 996, 998 [internal quotation marks omitted]). Here, the plaintiffs did not make a sufficient showing that facts essential to justify opposition to the defendants' motion could be yielded during discovery (see Morey v Babe Ruth League, Inc., 227 AD3d 694, 696; Karpovich v City of New York, 162 AD3d at 998).
CPLR 3025(b) provides, among other things, that "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" and specifies that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." Here, relief pursuant to CPLR 3025(b) was properly denied, as the plaintiffs failed to include a proposed second amended complaint in support of their cross-motion (see G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint and denied the plaintiffs' cross-motion, inter alia, for leave to serve and file a second amended complaint.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court