McInnis v A.O. Smith Water Prods.

2026 NY Slip Op 02552

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

KELLY SUE MCINNIS, EXECUTOR OF THE ESTATE OF RONALD MCINNIS, DECEASED, PLAINTIFF-APPELLANT,

v

A.O. SMITH WATER PRODUCTS, ET AL., DEFENDANTS, AND THE WILLIAM POWELL COMPANY, DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

233 CA 24-01941

Present: Lindley, J.P., Curran, Ogden, And Hannah, JJ.

BELLUCK LAW, LLP, NEW YORK CITY (MICHAEL A. MACRIDES OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Niagara County (Raymond W. Walter, J.), entered November 15, 2024, in an action for damages for injuries caused by exposure to asbestos. The order, insofar as appealed from, granted the motion of defendant The William Powell Company to dismiss the complaint against it.

[*1]

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant The William Powell Company.

Memorandum: Plaintiff's decedent commenced this action seeking damages for injuries he sustained as a result of his exposure to asbestos contained in, inter alia, products manufactured or supplied by, among others, defendant The William Powell Company (defendant), an out-of-state corporation. Following depositions, defendant moved for, inter alia, dismissal of the complaint against it pursuant to CPLR 3211 (a) (8) or, in the alternative, summary judgment dismissing the complaint against it pursuant to CPLR 3212 based on an alleged lack of personal jurisdiction. Supreme Court treated the motion as one for summary judgment (see CPLR 3211 [c]), and, inter alia, granted the motion. Plaintiff appeals from the order to the extent that it granted the motion, and we now reverse the order insofar as appealed from.

At the outset, we conclude that the court did not err in treating the motion under the standard applicable to motions for summary judgment under CPLR 3212. Although the court did not "give the parties notice of its intent" to treat the motion as one for summary judgment (Carcone v D'Angelo Ins. Agency, 302 AD2d 963, 963 [4th Dept 2003]; see CPLR 3211 [c]), the failure to provide notice is not fatal where, as here, "the parties expressly [sought] summary judgment or [submitted] facts and arguments clearly indicating that they were deliberately charting a summary judgment course" (Carcone, 302 AD2d at 963 [internal quotation marks omitted]; see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]). Specifically, we note that defendant's motion expressly—albeit, alternatively—sought summary judgment under CPLR 3212. In addition, by the time of the motion, both parties had been deposed and, in connection with the motion, they "laid bare their proof" (Nowacki v Becker, 71 AD3d 1496, 1497 [4th Dept 2010] [internal quotations omitted]; see Mihlovan, 72 NY2d at 508; Tudisco v Mincer, 126 AD3d 1501, 1501 [4th Dept 2015]).

On the merits, we agree with plaintiff that, by failing to mention defendant's initial burden as movant and, indeed, by repeatedly reasoning in the first instance that decedent had not adduced sufficient evidence to establish long-arm jurisdiction over defendant pursuant to CPLR 302 (a) (3), the court "erred in placing the initial burden of proof on [decedent] with respect to [defendant's] motion" (Horning v J.B. Wise Professional Bldg. LLC, 243 AD3d 1284, 1285 [4th [*2]Dept 2025]; see generally Pelow v Tri-Main Dev., 303 AD2d 940, 940-941 [4th Dept 2003]; Kasinski v Questel, 99 AD2d 396, 398 [4th Dept 1984], appeal dismissed 62 NY2d 977 [1984]). "[W]hile the ultimate burden of proof at trial will fall upon the plaintiff[ ], a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1030 [2d Dept 2018] [internal quotation marks omitted]). If the moving defendant makes a prima facie showing, "the burden then shifts to the non-moving party to 'establish the existence of material issues of fact which require a trial of the action' " (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]). Critically, it is well settled that "the same burden-shifting framework applies where, as here, a defendant moves for summary judgment on the affirmative defense of lack of long-arm jurisdiction" (Williams v Beemiller, Inc., 159 AD3d 148, 152 [4th Dept 2018], affd 33 NY3d 523 [2019]).

CPLR 302 (a) (3) provides, in relevant part, that a court may exercise personal jurisdiction over a non-domiciliary "who in person or through an agent . . . commits a tortious act without the state causing injury to a person or property within the state . . . if [the non-domiciliary] (i) . . . derives substantial revenue from goods used or consumed . . . in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Here, we conclude that defendant did not meet its initial burden on the motion inasmuch as it merely pointed to gaps in decedent's proof in asserting that decedent could not establish long-arm jurisdiction under CPLR 302 (a) (3) because decedent could not establish that defendant sold the asbestos-containing parts that allegedly caused injury to him or that decedent—a Canadian citizen and resident—was exposed to asbestos from defendant's products in New York (see generally Horning, 243 AD3d at 1286). We conclude, after drawing "every available inference . . . in the [non-moving party's] favor" (Williams, 159 AD3d at 152), that defendant's submissions in support of the motion raise a question of fact whether decedent was exposed to defendant's asbestos-containing products during the combined period of approximately six months that he worked in New York (see generally Howard v A.O. Smith Water Prods., 212 AD3d 924, 924-925 [3d Dept 2023]; Reid v Georgia-Pacific Corp., 212 AD2d 462, 463 [1st Dept 1995]). Because defendant failed to satisfy its initial burden on the motion, the burden never shifted to decedent, "requir[ing] denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see End of the Hill, LLC v Brock Acres Realty, LLC, 206 AD3d 1587, 1588 [4th Dept 2022]; Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court